# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Robert B. Surrick,** | : | |
| **Plaintiff** | : | Civil Action No. 04-_____ |
| | : | |
| v. | : | |
| **Paul J. Killion, Chief Counsel,** | : | |
| **Pennsylvania Office of Disciplinary** | : | |
| **Counsel, in his official capacity; Ralph** | : | |
| **J. Cappy, Chief Justice of the Supreme** | : | |
| **Court of Pennsylvania, in his official** | : | |
| **capacity; Ronald D. Castille, Russell M.** | : | |
| **Nigro, Sandra Schultz Newman,** | : | |
| **Thomas G. Saylor, J. Michael Eakin,** | : | |
| **and Max Baer, Justices of the Supreme** | : | |
| **Court of Pennsylvania, all in their** | : | |
| **official capacity,** | : | |
| **Defendants** | : | |
| | : | |

## COMPLAINT

### Introduction

1.  This Complaint is filed to protect and secure plaintiff Robert B. Surrick's right to practice law in the United States District Court for the Eastern District of Pennsylvania.  Plaintiff Surrick is an attorney and is currently admitted in good standing to practice in this Court, but his right to practice is immediately threatened by the official policy and practice of the defendants, Chief Counsel, Office of Disciplinary Counsel of the Pennsylvania Supreme Court ("Disciplinary Board"), Chief Justice and Justices of the Supreme Court of Pennsylvania, which prevents an attorney admitted to practice in a federal district court in Pennsylvania, but suspended from practice in the state courts, from operating a law office in Pennsylvania even though the practice is limited to representation of persons in federal litigation.   Under the defendants' official policy and practice, plaintiff is subject to punishment in the form of

contempt sanctions if he operates a law office which supports and facilitates his practice in this Court. In these circumstances, injunctive and declaratory relief is necessary to vindicate the Supremacy Clause of the Constitution, to protect plaintiff's undisputed right to practice in this Court, and to protect his Constitutional rights to free speech, advocacy, and association, and the practice of law.

## Jurisdiction

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. §§1331, 1343, 2201, 2202, 42 U.S.C. §1983, and the First, Fifth and Fourteenth Amendments to the United States Constitution.

## Parties

3. Plaintiff Robert B. Surrick, Esquire, is an attorney admitted to practice in the Eastern District of Pennsylvania, and is a resident of Pennsylvania.

4. Defendant Paul J. Killion is the Chief Counsel, Office of Disciplinary Counsel of the Pennsylvania Supreme Court. He is sued in his official capacity.

5. Defendant Ralph J. Cappy is the Chief Justice of the Supreme Court of Pennsylvania. Defendants Ronald D. Castille, Russell M. Nigro, Sandra Schultz Newman, Thomas G. Saylor, J. Michael Eakin, and Max Baer are Justices of the Supreme Court of Pennsylvania. All are sued in their official capacity.

## Factual Allegations

6. Plaintiff Robert B. Surrick was first admitted to practice in the state courts of Pennsylvania in 1961. Thereafter, in 1966, he was admitted to practice in the United States District Court for the Eastern District of Pennsylvania and the United States Court of Appeals for

the Third Circuit.

7. On March 24, 2000, pursuant to disciplinary proceedings brought by Disciplinary Counsel, the Pennsylvania Supreme Court rejected the recommendation of public censure and ordered plaintiff suspended from the practice of law in the state courts of Pennsylvania for a period of five years.  As of December, 2004, Plaintiff remains suspended from the practice of law in Pennsylvania.

8. On June 14, 2001, the United States District Court for the Eastern District of Pennsylvania, by a divided vote, approved reciprocal discipline and ordered that plaintiff be suspended from the practice of law in this Court for a period of thirty months, retroactive to April 24, 2001.  This period of suspension expired on October 24, 2003, and on April 14, 2004, a panel of this Court (Robreno, Brody, and Davis, JJ.) recommended that plaintiff's petition for reinstatement be granted.  The panel determined that plaintiff "possesses the moral qualifications, competency, and learning required to practice in this Court."  The Disciplinary Board declined an invitation from the panel to participate in these proceedings.

9. On May 17, 2004, Chief Judge Giles entered an Order re-instating plaintiff to practice in this Court.

10. Plaintiff intends to represent clients in the District Court for the Eastern District of Pennsylvania.  Pursuant to Local Rule 83.6.VII(I), plaintiff is entitled to practice before this Court but may not "hold out himself  .  .  .  as authorized to practice law in any jurisdiction in which [he] is not admitted."  Plaintiff will strictly comply with this Rule by limiting his practice to federal cases in this Court.

11. To engage in practice in this Court, it is imperative for plaintiff to have an office in

Pennsylvania. It is impossible to practice law and to provide competent, professional and effective assistance of counsel without a law office where counsel can meet and consult with clients, prepare necessary documents, access legal authorities, and conduct necessary litigation related activities. To practice without the services of a law office would constitute the negligent and ineffective practice of law.

12. On August 16, 2004 in the matter of <u>Office of Disciplinary Counsel v. Frank J. Marcone</u>, No. J-64-2003, the Supreme Court of Pennsylvania granted the petition of the Office of Disciplinary Counsel to hold attorney Frank J. Marcone in contempt of the Supreme Court's order suspending him from the practice of law in Pennsylvania. Attorney Marcone was under an order of suspension in Pennsylvania, but had been re-instated to practice in the Eastern District of Pennsylvania, and had opened a law office in Pennsylvania restricted to matters in the federal district court. Because Attorney Marcone has opened an office, he was found in violation of the order not to practice in Pennsylvania.

13. The opinion in <u>Marcone</u> did not dispute the fact that attorney Marcone's law practice was limited to federal litigation and that attorney Marcone did not represent any clients with respect to state law matters.

14. Plaintiff and attorney Marcone are in precisely the same status: (a) both were suspended from practice in the Pennsylvania courts, but were re-instated to practice in the Eastern District of Pennsylvania, (b) both intend to strictly limit their law practice to federal litigation in the Eastern District of Pennsylvania, and (c) both opened or intended to open a law office that would be used solely to support and facilitate authorized practice in this Court and not to represent any persons in any actions in the courts of the Commonwealth of Pennsylvania or to

counsel any persons with respect to such actions in state courts.

16. Plaintiff intends to practice in this Court, and, in conjunction with this practice, plaintiff intends to establish a law office in Philadelphia, Pennsylvania limited to support of his practice in this Court. He will not represent clients or provide legal advice to clients concerning state court actions.

16. Plaintiff has reasonable grounds to believe that Disciplinary Counsel, pursuant to his official position and practice as set forth in its actions in the matter of <u>Office of Disciplinary Counsel v. Marcone</u> will move in the Pennsylvania Supreme Court to prevent plaintiff from maintaining a law office in Pennsylvania and, absent intervention by this Court, under <u>Marcone</u>, the Supreme Court, comprised of the defendant Chief Justice and defendant Justices, will hold plaintiff in contempt of its suspension order.

17. Such action by the defendant would effectively obstruct plaintiff's right to practice in this Court and would directly contravene this Court's order of re-instatement. Plaintiff cannot engage in authorized practice in this Court without the ability to operate a law office limited to federal practice in Pennsylvania.

18. Any action by the defendants to prevent plaintiff from operating a law office that is limited to supporting and facilitating authorized practice of law in this Court and from which plaintiff does not represent clients or provide legal advice regarding state law actions or issues would (a) frustrate and stand as an obstacle to this Court's Order reinstating plaintiff to practice before this Court, (b) prevent plaintiff from providing effective and competent advice and counseling to clients in cases in this Court, (c) violate plaintiff's right to practice law in this Court and to exercise his rights of free speech, advocacy and association under the First and

Fourteenth Amendments, and (d) violate the Supremacy Clause of the United States Constitution.

### Count I

19. The allegations of paragraphs 1-18 are incorporated by reference.

20. The defendants' policies and practices prohibiting lawyers suspended from practice in the state courts, but admitted to practice in federal district court in Pennsylvania, from opening and operating law offices limited to representation of clients in federal court litigation as applied to the plaintiff will frustrate and stand as an obstacle to the rules and practices of this Court. Enforcement of the defendants' practices and policies would be in violation of the Supremacy Clause of the United States Constitution.

### Count II

21. The allegations of paragraphs 1-20 are incorporated by reference.

22. The defendants' policies and practices prohibiting lawyers suspended from practice in the state courts, but admitted to practice in federal district court in Pennsylvania, from opening and operating law offices limited to representation of clients in federal court litigation violate plaintiff's rights to free speech, advocacy, and expressive association under the First and Fourteenth Amendments to the United States Constitution.

### Relief

23. Application of the defendants' practices and policies to plaintiff will cause plaintiff to suffer immediate and irreparable injury. Issuance of declaratory relief and an injunction is necessary to prevent the immediate and irreparable injury, to protect against imminent violation of plaintiff's constitutional rights, and to protect against improper state interference with the

Rules and practices of this Court.

WHEREFORE, plaintiff requests this Court to order the following relief:

(a) An injunction and declaratory judgment enjoining and proscribing defendant Killion from enforcing the polices and practices complained of in this Complaint against the plaintiff;

(b) A declaratory judgment against all defendants declaring unconstitutional the practice and policy of the Pennsylvania lawyer disciplinary system prohibiting lawyers suspended from practice in Pennsylvania, but admitted to practice in federal district court in Pennsylvania, from opening and operating a law office in Pennsylvania limited to the representation of clients in matters in the United States District Court in which the lawyer is admitted;

(c) A declaratory judgment against all defendants that under the Rules of Admission for Lawyers in the Eastern District of Pennsylvania, plaintiff may operate a law office in Pennsylvania limited to representation of clients in matters in the United States District Court for the Eastern District of Pennsylvania

(d) An award of attorney's fees and costs;

(e) Such other and further relief as the Court may deem just, appropriate or reasonable.

/s/ David Rudovsky
David Rudovsky
I.D. No. 15168
Kairys, Rudovsky, Epstein & Messing
924 Cherry Street, Suite 500
Philadelphia, PA 19107
(215) 925-4400

/s/ Seth F. Kreimer
Seth F. Kreimer
3400 Chestnut Street
Philadelphia, PA 19104
(215) 898-7447

/s/ Jonathan H. Feinberg
Jonathan H. Feinberg
I.D. No. 88227
Kairys, Rudovsky, Epstein & Messing
924 Cherry Street, Suite 500
Philadelphia, PA 19107

(215) 925-4400

Counsel for Plaintiff